Our next case of the morning is United States v. Patton. Mr. Patton. Good morning, Your Honors. This is Tom Patton on behalf of the appellant, Ryan Patton. In this case, we believe the district court got the probable cause determination correct and correctly found that the search warrant affidavit in this case did not establish probable cause because it gave absolutely no reliability information about the unnamed confidential informant. But it is our position that she got the Leon Goodfaith decision wrong. With regards to the probable cause determination, this court has repeatedly established that giving no information about a source of a confidential informant and then with no real Mr. Patton, so far as I can see, your entire argument and the district court's findings rest on the supposition that the oral presentation to the state judge did not contain any information. And therefore, we're judging this on the affidavit alone. But that isn't how the state judge issued the warrant. There was an affidavit and an oral presentation, which I gather everyone agrees was under oath. Why should the contents of that be ignored? Well, first of all, I don't think the court, the government has established that it was under oath. Both the detective Ming and the assistant state attorney Kerr said they didn't remember whether or not the person was put under oath. But even if they were put under oath, part of the problem, main part of the problem is we have no idea what information was shared. We have no idea what questions were asked. I can understand that problem, but the Constitution requires oath or affirmation. It does not require a transcript. That is true, Your Honor. But the government has the burden of establishing that a warrant, the warrant has to be based on probable cause. When the warrant is based on the affidavit, we look at the four corners of the warrant. But if the state is going to use, try and supplement the four corners of the affidavit, then there has to be some record of what happened. Where does that, counsel, Mr. Patton, where does that rule come from? It's obviously not, counsel, just wait until the question concludes. It's obviously not in the Fourth Amendment. Has the Supreme Court held that? Your Honor, the Supreme Court has held that the purpose of the warrant requirement is to let a neutral and detached magistrate make the reasonable inferences. Could you answer my question, Mr. Patton? I would say that they have, because if you hold that the state can use the police officer who is the affidavit to be— Mr. Patton, if the Supreme Court has held this someplace, what's the case I should look at? Your Honor, I cannot tell you that the Supreme Court has dealt with this specific matter. No, it's never dealt with this question at all. There is no such holding. And that brings us back, counsel, this brings us back, of course, to Leone. How would every reasonable officer know that this warrant was invalid when you can't find a case of the Supreme Court requiring a contemporaneous recording of the oral information presented to the issuing judge? Your Honor, a reasonable officer in this case would have known that the warrant in this case was not good based on Kors, Peck, Owens, Bell, and Glover. In Glover, the CI appeared in front of the judge, but since there was no record of what happened when the CI was taken in front of the judge, this court said, we don't know what happened. And so we can't assume that this questioning was done. Here, you're relying on the police officer's version of what happened when the officer went and asked specifically, what did the judge ask the CI? His answer was, quote, we ask if you specifically remember, his question was, quote, I do not, honestly. I don't really. I wasn't paying attention to what he was, honestly asking him. And so if you're going to allow the police officer to supplement his affidavit by saying, I took the CI in front of a judge, and I will tell you what did or didn't happen, even though I don't remember what did or didn't happen, then you're simply letting the police officer supplement his affidavit, which is not allowed. Mr. Patton, this is Judge Brennan. I want to reference a couple pages from Chief Judge Darrow's findings towards the end of the first half of the hearing. So I am in a docket entry 16 at pages 46 to 47. She finds, I'm starting at line 22. I do find that Detective Mings was a credible witness, and I do find that Judge Kavanaugh was informed of the defendant's motivation for testifying, and specifically that he had the pending charges. Can't that be read as a finding by the district court based upon what she had heard that, as to what occurred during the testimony in front of her, the statements in front of, I should say the statements in front of the state court judge, Judge Kavanaugh? Yes, sir, and I think it's pretty clear that Judge Darrow knew where we were going once it was discovered that Detective Ming left this information out, that she knew where it was going, and so yes, we argue that that finding is clearly erroneous. We know that's a high standard, but you know, it's our position that Detective Ming cannot both have said, I don't know what was asked because I have no memory and I wasn't paying attention, and then for the first time after direct, cross, and redirect, suddenly remember, oh yes, oh, and by the way, now I do remember that the district, I didn't tell the judge this, and the ASA didn't tell the judge this, but I now remarkably remember that the judge asked the confidential informant about his motivation for providing the information. But it is certainly a finding by the district judge, your honor. It is our position, however, that the Judge Darrow still correctly found there was no Leone, that Leone, it makes clear you're trying to deter Fourth Amendment violations by the police, all right, and its whole basis, you're not going to deter the issuing magistrate, but the point of the exclusionary rule is to deter the police from engaging in misconduct, and so we're not going to give the police the benefit of the doubt of relying in good warrants if, for example, the police withhold, recklessly withhold information from the judge. And in Glover, the court found that yes, it's good that the police took the CI in front of a judge, but then they didn't tell the CI about, excuse me, the judge about the CI's because the whole otherwise would place a substantial burden on magistrates to double-check the availability or lack of all relevant information every time an informant appears. And so the court in Glover said, look, just because the CI appears in front of the magistrate judge doesn't magically solve the problem. I understand that this is different in that you have means testimony that the judge did not ask about this, but you have an officer who provides no reliability information, even though the Supreme Court has held that that is a critical issue in determining the totality of the circumstances, and this court has repeatedly found affidavits that are very, very similar to not establish probable cause. So no reasonable officer could have found that this warrant was based on probable cause, even without the reckless omission. But if you include those, it is our position that an officer who recklessly omits material information doesn't succeed in fooling the judge, if you believe means testimony, that then somehow they get good faith protection because the judge was smart enough to figure out the material omission. And, Your Honor, I see I'm into my rebuttal time, so I'd like to reserve the rest of my time. You're certainly not into the rebuttal time, which you said at three minutes. But you can save whatever time you want. Okay, I will. Thank you. Mm-hmm. Ms. Matthews. Good morning. May it please the court, my name is Jennifer Matthew on behalf of the United States. The district court did not err in denying Mr. Patton's motion to suppress. The search warrant affidavit coupled with the in-person presentation of the confidential source to the issuing judge was sufficient probable cause for the issuance of the warrant. Alternatively, consistent with this court's decision in Leon, a reasonable officer could conclude that the presentation of the confidential source coupled with the four corners of the search warrant affidavit constituted the necessary probable cause to search the defendant's house. Before turning to my primary argument, I would like to comment on a couple of things brought up by counsel in their argument. And specifically, that is the examination of this court's decision in Glover and whether or not the Glover case is specifically analogous to this case. I would also like to turn to counsel's discussion of the decision of this court in regards to the other five cases enumerated both in our briefings as well as in arguments. In Glover, the affidavit omitted all of the information about the C.S.'s credibility. Here, however, the district court made clear findings at the conclusion of the first day of the suppression hearing as well as reiterated those findings in the second day of the suppression hearing. Finding detective means credible and also indicating that the issuing judge was aware of the confidential sources pending criminal charges. This testimony is further bolstered by A.S.A. Kerr's testimony in that the issuing judge is the same judge that arraigned that confidential source in Knox County Court. Here, I think it's clear that this court should not only consider the four corners of the affidavit but also consider the oral presentation of the confidential source before the issuing court. It's that type of presentation in which the issuing judge is able to inquire directly of the confidential source, assessing their manner, their responsiveness to question, and make that final credibility determination prior to issuing the search warrant. In regards to defendant counsel's comments about the lack of information that was provided by detective means during the course of the suppression hearing, I think it's clear from the record that while detective means did not have answers to all the questions put to him by counsel, his answers were honest and forthright in the things that he both could remember and could not remember. And I think it's clear from both detective means' testimony, A.S.A. Kerr's testimony, as well as looking at the search warrant itself, which indicates that the confidential source was sworn and that the matters in fact stated in the complaint are true of his own knowledge. I think it's clear from that that the confidential source was placed under oath before Judge Kavanaugh inquired of him at the time of the search warrant being issued. Now, prior to getting to the Leon Goodfaith exception, we would be arguing that the search warrant as well as the affidavit contained in the search warrant coupled with the confidential source did constitute probable cause. The five precarious factors... The district judge's decision here is meritless, the conclusion that there was no probable cause. Debatable, okay. Meritless? Yes, Your Honor. I can see now how that could be taken as a strong word in order to describe the district court's decision. I would agree with this court's assessment that it was debatable and that there are factors that weigh in favor of probable cause. Specifically, Your Honor, those factors are the five factors outlined in the Gregory analysis, and that is that the information was personally relayed to the issuing judge, corroborated by law enforcement, firsthand, detailed, and recent. Here, as I've already indicated, the confidential source was presented to the issuing magistrate. That information that the confidential source provided to Detective Means was corroborated by members of the Galesburg Police Department as well as Detective Means. Here, Detective Means traveled to the address that the confidential source provided, observed the property, looked up the defendant on Facebook and confirmed his nickname, Deuce. Furthermore, he researched the defendant and determined that the individual, the confidential source believed to live in that home, did reside at that home, had a vehicle outside of that home, and was in an ongoing relationship with the defendant at the time. In addition to that, Your Honor, this information provided by the CS was firsthand information and detailed. Here, unlike some of the other matters that have been considered by this court in the cases outlined in our briefing, the information was detailed as to the amount of drugs, the location within the home, where the drugs were kept within the home, how recently he had been at the residence, what the residence looked like, as well as information, personal information about the defendant. However, if this court is not persuaded that the Gregory factors do support a finding of probable cause, the district court did correctly hold that even absent probable cause, the Lee on Good Faith exception would apply. At its core, that exception looks to deter law enforcement from acting with impunity, recognizing that we should be incentivizing law enforcement to act in good faith, obtain search warrants, and act within that scope. That behavior is what Detective Means endeavored to do in this instance. Specifically here, by corroborating that information provided to him by the confidential source and presenting the confidential source to the issuing judge at the time of the search warrant application. Furthermore, I would like to note that when looking at this Lee on Good Faith exception, the presumption is that the officer acted in good faith. And I think there's something to be said for the fact that Detective Means took the confidential source before the issuing judge and allowed the issuing judge to pose questions to that confidential source about information or follow-up questions about other things contained within that affidavit that the court had an opportunity to assess again the credibility of that confidential source and determine, as the district court made a clear finding, and determine the reasoning or the benefit that the confidential source may get from providing that information. As we argued in our brief, the instant case here is more similar to the facts of the Lloyd case, in which this court determined that probable cause existed. Similarly to the Lloyd matter, the police in Lloyd drove by the defendant's home, confirmed the C.S.'s description of the house, and had the C.S. pick the defendant out of a photo array. Here, the C.S. picked the defendant out of a photo from Facebook and was able to identify him as well as his significant other. If there are no further questions from the court, we would rely on the arguments in our brief and ask that the court affirm the district court's decision denying the defendant's motion to suppress. Thank you. Thank you, Ms. Matthew. Anything further, Mr. Patton? Yes, Your Honor. I would say the district court found that Detective Ming violated Mr. Patton's Fourth Amendment right, conducted a search that was not supported by probable cause. And that is no small matter. And certainly the exclusionary rule is not a personal Fourth Amendment right. The Supreme Court has said that it is not and that its purpose is to deter future Fourth Amendment violations by the police. An officer who writes a search warrant affidavit using a John Doe confidential informant who gives no reliability information about that informant. Zero. And then fails to inform the issuing magistrate that John Doe also has pending charges that he's trying to work off, which one would hope somebody coming straight out of the police academy would know is required under the Fourth Amendment. It's not acting in good faith. And if you want to see this not happen again in the future and not have another case in the line of course, Peck, Owens, Bell, and Glover, I would submit that at some point this court has to say, no, it's not good faith. When you continue to do the things we tell you violate the Fourth Amendment. Thank you. Is it an objective test or a subjective test? Well, it's objective reasonableness. But when an officer recklessly withholds information that any objective officer knows the issuing magistrate would want to know, then that raises the, can support the very reasonable inference that the reason he's withholding it is because he doesn't want the judge to know. But it's certainly an objective test. And that's all I have. Thank you. Thank you, Mr. Patten.